*232 OPINION.
Smith:
In these proceedings the petitioner contends that the indenture of trust of February 7, 1925, created nine separate trusts instead of a single trust. It contends that this is apparent from the following language excerpted from paragraph 5 of the agreement:
* * * and as each of said grandchildren arrive at the age of thirty years, said trustee shall pay to him or her one-third of the trust estate in which said grandchild has a beneficial interest * * *.
It is argued that if only one trust existed for the nine grandchildren and each had an equal beneficial interest, then each would have a total one-ninth interest; that the above quoted words from the fifth paragraph of the instrument would be meaningless unless the instrument as a whole be construed to create nine trusts, since “ each child would at no time be entitled to as much as a one-third interest.” The argument is not sound.
The indenture of trust is not ambiguous. The settlors simply desired to create a trust fund in which each of their nine grandchildren should have an equal beneficial interest. They went to the petitioner and the petitioner’s officers drew the indenture of trust, which was executed by the settlors and the petitioner. The petitioner was apparently of the opinion that the matter could be handled as one trust in one account and accordingly the instrument throughout speaks of the “trust estate” or the “trust fund” which was created by the instrument. The petitioner kept its books of account showing the creation of a single trust fund so far as the years under review are involved, and for the years 1925, 1926, and 1921 filed a single return for the trust fund. No moneys were paid to the beneficiaries or for the education, comfort, and support of the beneficiaries during the taxable years. It was much simpler for the petitioner to keep its accounts in this manner. It was merely a mathematical computation to determine the beneficial interest of each beneficiary in the trust fund. Each was entitled to one-ninth of the whole. So long as this situation existed there was no occasion for the separation of the trust fund.
The petitioner insists that the decree of the Circuit Court of Adams County, Illinois, entered on April 30, 1931, conclusively proves that nine separate trust funds were created by the indenture of trust. We are of the opinion, however, that such a decision of the Circuit Court of Adams County is not binding upon this Board. As shown by our findings of fact, the decree of the county court was the decree desired by the beneficiaries. The defendants defaulted and judgment was rendered in accordance with the complainants’ averments set forth in their bill of complaint. In Fidelity & Colum *233 bia Trust Co. v. Lucas, 52 Fed. (2d) 298, it was held that the Government in administering the Federal tax laws was not concluded by an “ agreed judgment ” entered in the Circuit Court of Jefferson County, Kentucky, involving the construction of a will. The court there said:
* * * Furthermore, it is well settled that a decision of a State Court, establishing a local rule of property or, construing a state statute or a contract made after the rights of a litigant in a federal court suit had accrued, and in a case to which he was not a party, is not binding upon the federal court. I know of no reason why this rule should not apply to the construction of wills. See Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228, and authorities there cited.
The second contention of the petitioner is that'the trust created by the indenture of trust was a discretionary trust and that the income of the trust estate which might have been distributed to the beneficiaries in the years 1926, 1927, and 1928 is deductible from gross income under subdivision (2) of section 219 (b) of the Revenue Act of 1926 and the corresponding section of the Revenue Act of 1928 (sec. 162 (b)).
The respondent, on the other hand, contends that section 219 (b) (3) of the Revenue Act of 1926 and the corresponding section of the Revenue Act of 1928 (sec. 162 (c)), barred the deduction of the amounts claimed. Section 219 (b) of the Revenue Act of 1926 reads in part as follows:
(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount oí the income oí the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year;
(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.
In support of its contention the petitioner relies upon Blair v. Barton, 26 Fed. (2d) 765; and Willcuts v. Ordway, 19 Fed. (2d) 917. An examination of these cases shows, however, that they involved entirely different facts. In Blair v. Barton, supra, the question was whether a trustee was liable to income tax in respect of amounts distributed to beneficiaries under a discretionary trust, the total *234 income of the trust fund having been paid to such beneficiaries. The court held that the trustee was not liable under such circumstances, the statutes involved being the Eevenue Acts of 1918 and 1921. In Willouts v. Ordway, supra, the acts involved were the Eevenue Acts of 1916, 1918, and 1921. The facts were that a will bequeathed to each of the children of the testator an equal share in the income of the trust fund. Pursuant to its terms the shares of the adult children were paid to them each year while the shares of the minor children, after certain expenses for maintenance, etc., were invested to accumulate until they severally reached the age of 21 years. The trustees each year purchased securities with the share of income distributable to each minor in his or her name, which they kept in a special safe-deposit box apart from any papers of the trust and such investments were not carried on the books nor treated as any part of the trust estate. It was held that such segregation of the shares of the minors was a distribution and that neither they nor their accumulations were subject to tax as income of the trust, but as separate units to the several beneficiaries.
In the present proceedings the books and records of the trustee show that no money was paid or credited to any beneficiary in either of the years in question. The income of the trust fund was to be either distributed to the beneficiary or accumulated within the discretion of the fiduciary. The facts bring these proceedings squarely within the provisions of section 219 (b) (8) of the Eevenue Act of 1926, and the corresponding section of the Eevenue Act of 1928. Since there were no distributions to the beneficiaries during the taxable year, and since there were no credits to the accounts of the beneficiaries, it must be held that the income of the trust fund is taxable to the petitioner, the trustee.

Judgments will be entered for the respondent.